*Allen* for the defendants.

---

## KILLSA & AL. *vs.* LERMOND.

Where the defendant in a suit, after service of the writ, and before entry of the action, was summoned as the trustee of the plaintiff, in a foreign attachment, in which he disclosed the facts, was adjudged trustee, and paid over to the judgment creditor, on execution, all he owed to the plaintiff; and at a subsequent term pleaded these facts in bar of the original action; to which the plaintiff demurred; it was *held* that the plea was a good bar, and that the defendant was entitled to his costs subsequent to the joinder in demurrer.

IN this action, which was *assumpsit,* the defendant in the court below pleaded in bar that after the service of the writ in this case, and before entry of the action, he had been summoned as the trustee of the plaintiffs in a foreign attachment at the suit of one of their creditors,—that in that action the present plaintiffs were defaulted,—that he appeared and submitted himself to examination under oath, disclosed truly the state of their mutual dealings, and thereupon was adjudged their trustee;—and that he paid the balance due them, to the officer who demanded the same by virtue of the execution issued upon the judgment in that suit. To this the plaintiffs answered by a general demurrer. The original suit was entered at *December* term, 1825; the plea in bar was entitled of *August* term 1826; and at *April* term 1828, the court below gave judgment for the defendant upon the demurrer, but refused to give him judgment for costs; for which cause he appealed to this court.

The point was briefly spoken to, by *Allen* and *Farley* for the

plaintiffs, and *Ruggles* for the defendant ; and the opinion of the Court was delivered by

MELLEN C. J.   This case presents the single question, whether the defendant is entitled to costs.   It is not contended that the plea is not a good bar to the action ; but as the action was rightly commenced, and was defeated by the trustee process, the plaintiff insists that he ought not to be subjected to the payment of costs ; and in support of his position he has cited the case of *Foster v. Jones,* 15 *Mass.* 185, in which costs were disallowed, though the court very distinctly implied, in the language of their opinion, that the defendant might, perhaps, claim the costs of the term at which the opinion was given ; but the question being submitted on a statement of facts, and such costs being trifling, they did not allow any.   In the present case the question is presented upon a demurrer to the plea in bar ; and therefore we cannot consider it as one addressed to our discretion.   In *June* 1826, the defendant paid the amount of the debt to the plaintiff in the trustee process, pursuant to the judgment against himself as the trustee of *Killsa & al.* and at *August* term 1826 the plea in bar was filed, and the demurrer joined.   Had the plaintiff then discontinued his suit, or had the court then given judgment on the demurrer, probably no question as to costs would ever been raised.   But for some unexplained reason, the plaintiff persisted in the prosecution of the cause, and of course the defendant was justified in resisting him by continuing his defence.   He had no other mode of protecting himself ; and in this manner he was obliged to guard his rights until *April* term, 1828, when the Court of Common Pleas adjudged the plea in bar good, but refused to allow costs to the defendant.   To obtain the decision of this court on the subject, the defendant appealed.   We certainly affirm the opinion of the court below, as to the merits of the plea ; but, on legal principles, we think costs should have been allowed to the defendant, as the prevailing party, subsequent to the time when the demurrer was joined. And this opinion does not militate with the decision in *Foster v. Jones.*—Accordingly we adjudge the

*Plea in bar good, with costs for the defendant.*